OPINION OF THE COURT
Ronald H. Tills, J.
By application dated July 9, 2002, defendant seeks an order of this court (1) declaring CPL 400.27 (12) unconstitutional (a) on its face, (b) as applied to this defendant because, with regard to defendants who may be mentally retarded, the provision al *539 lows a judge, and not a jury, to make findings of fact necessary to sentence the defendant to death, and (c) as applied to this defendant because this statutory provision fails to categorically ban the execution of mentally retarded defendants, (2) striking the death notice against the defendant because, as a defendant who may be mentally retarded, he cannot be sentenced to death pursuant to an unconstitutional statute, and (3) granting such other and further relief as the court deems just and proper.
By affidavit dated August 16, 2002, the prosecution opposes defendant’s applications.
On October 24, 2002, defendant filed an amended notice of intent to present psychiatric evidence pursuant to CPL 400.27 (13) (b) (RLS-31) stating that the defense intends to present psychiatric evidence at a hearing either pretrial pursuant to CPL 400.27 (12) (e) or postconviction pursuant to CPL 400.27 (12) (a).*
Preliminarily, the court notes that, prior to the filing of the notice entitled RLS-31, the applications herein were premature. This court would not issue a ruling on a matter in anticipation of proceedings which may or may not occur. Based upon the filing of RLS-31, the court will now proceed to determine the issues presented.
The death penalty statute in New York State is set forth in CPL 400.27. Included in that statute are the procedures which govern the proceedings by which a defendant may be sentenced to death. Among the proceedings which may occur are those dealing with the issue of mental retardation of a defendant facing the death penalty. Based upon a review of case law throughout the state, it appears that the issues raised herein are matters of first impression under the statute. The court has found no indication that any defendant previously prosecuted under this statute has asserted a claim of mental retardation.
CPL 400.27 (12) (e) allows a defendant, “at a reasonable time prior to the commencement of trial * * * , upon a written motion alleging reasonable cause to believe the defendant is mentally retarded, [to] apply for an order directing that a mental retardation hearing be conducted prior to trial.” Upon finding reasonable cause to believe the defendant is mentally retarded, the court must conduct a hearing without a jury. At the conclusion thereof, the court must issue an order finding *540 the defendant either mentally retarded or not mentally retarded. If the court finds the defendant not mentally retarded, the matter proceeds as a “death penalty case.”
If the court finds, based upon a preponderance of the evidence, that the defendant is mentally retarded, the People must be given at least a 10-day period within which to file an appeal of such decision. If the People do not file an appeal, or, if they do, and the court’s decision is upheld, the matter proceeds, but is no longer a “death penalty case.” A finding of mental retardation by the court at that point prohibits the imposition of the death penalty pursuant to CPL 400.27 (12) (e).
If the matter proceeds to trial as a “death penalty case,” and the defendant is convicted of a “death penalty crime,” the defendant has another opportunity to present evidence at a hearing pursuant to CPL 400.27 (12) (a) seeking a determination by the court without a jury that the defendant is mentally retarded, again based upon a preponderance of the evidence. The court must reserve decision on the issue at that point.
Pursuant to CPL 400.27 (1) through (11), the sentencing phase now commences before the jury. Based upon the procedure as set forth therein, the jury may only direct imposition of a sentence of death if it unanimously makes findings beyond a reasonable doubt pursuant to CPL 400.27 (11) (a). In any other situation, the jury cannot direct imposition of a death sentence and the court cannot impose a sentence of death. (CPL 400.27 [11] [e].)
Even if a jury directs a sentence of death, however, the court must still render a decision on the hearing held pursuant to CPL 400.27 (12) (a). If the court finds the defendant is mentally retarded, it must set aside a death sentence and impose a sentence of imprisonment pursuant to CPL 400.27 (12) (c).
Following all the aforementioned procedures, the defendant may still apply, pursuant to CPL 400.27 (11) (d), for an order of the court setting aside the death sentence pursuant to CPL 330.30.
A review of the statutory procedures as set forth reveals that a sentence of death can be precluded in a “mental retardation case” by any one of at least five findings, including two unanimous findings beyond a reasonable doubt by a jury, one at the guilt phase and one at the punishment phase. The fact that the court has three additional opportunities to make a finding prohibiting the death penalty in a “mental retardation case” *541 does not detract from the fact that, ultimately, a jury has the right to prohibit imposition of the death penalty.
The court therefore determines herein that the statute as written satisfies the requirements of Ring v Arizona (536 US 584).
The court now turns to a review of those portions of CPL 400.27 which have been affected by the decision of the United States Supreme Court in Atkins v Virginia (536 US 304) which, to speak succinctly, prohibits the execution of mentally retarded criminals. The key question which arises herein is: Does Atkins require a determination by this court that portions of CPL 400.27 are unconstitutional because the statute cites mental retardation as a “mitigating factor” to be considered by a jury during the sentencing phase of a death penalty case, rather than requiring that a finding of mental retardation by a jury must preclude direction by the jury of a sentence of death? This court finds that it does.
A review of the statute reveals that most parts appear to be unaffected by Atkins. A notable exception would be CPL 400.27 (12) (d), which precludes mentally retarded inmates convicted of a capital crime from the exoneration from a potential death penalty sentence based upon their mental retardation. This portion of the statute would appear to be stricken by Atkins as unconstitutional.
The next question which arises is: Can a portion of the statute herein be stricken as unconstitutional, leaving the balance intact to operate as intended by the Legislature, when construed within the confines of Atkins? This court answers that question in the affirmative. The court therefore finds unconstitutional that portion of CPL 400.27 (9) (b) which states:
“9. Mitigating factors shall include the following * * *
“(b) The defendant was mentally retarded at the time of the crime * * * .”
Clearly under Atkins, mental retardation is not merely a factor which may be considered by the jury in mitigation of a death sentence. It is a prohibition. Any statute which states otherwise cannot stand.
The next issue then becomes: What is the appropriate remedy? Our Court of Appeals has cogently analyzed an analogous situation in People v Liberta (64 NY2d 152, 170-172, cert denied 471 US 1020). Combining the reasoning therein with the constitutional requirements as stated in the Atkins decision, this court finds that the appropriate remedy here is a simple *542 addition to the charge to the jury during the sentencing proceeding as follows: “If you find by a preponderance of the evidence adduced at this hearing that the defendant is mentally retarded (as defined in CPL 400.27 [12] [e]), then you must not direct a sentence of death.” This charge, of course, would be given in conjunction with all other relevant instructions required to be given to the jury at that time.
Defendant’s motion herein is granted to the extent set forth herein, and denied in all other respects.

 Defendant’s original notice, filed October 23, 2002, contains a typographical error which was corrected by the amended notice.